UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:07CR-71-H

UNITED STATES OF AMERICA											PLAINTIFF

V.

AUDREY LOUIS JOHNSON, JR.											DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Defendant, Audrey Louis Johnson, Jr., appeals the decision of the Magistrate Judge denying his motion to suppress his pretrial identification by a law enforcement task force member, Mark Slaughter. Based upon the Magistrate's factual findings, this Court finds that the single photograph identification procedure as used here was so unduly suggestive and so inherently unreliable that to allow its use in court would deny Defendant his due process rights and would subject him to the very real possibility of wrongful conviction.

The Magistrate correctly stated the applicable law. The right of a criminal defendant to due process is violated when he or she is identified as being the perpetrator of a crime by a witness through the use of an identification procedure that is so unnecessarily suggestive as to create the risk of irreparable mistaken identification. *Stovall v. Denno*, 388 U.S. 293, 301-02 (l967); *Haliym v. Mitchell*, 492 F.3d 680, 704 (6th Cir. 2007). When a reviewing court is presented with such a due process challenge to a pretrial identification, it first must determine whether the challenged identification was unnecessarily suggestive. *Howard v. Bouchard*, 405 F.3d 459, 469 (6th Cir. 2005), *cert. denied*, 546 U.S. 1100 (2006). Whether a particular

identification procedure is unnecessarily suggestive will depend upon whether the attention of the witness who identified the defendant was directed to the defendant by the conduct of the police. *Id.* at 469-70 (citing 2-5 Criminal Constitutional Law § 5.05(2)(b)(2004)). The Court will adopt the Magistrate's factual findings. The Court disagrees with the application of the stated facts to the known law.

The Magistrate Judge correctly noted that a single photo identification is usually found to be unreliable. The circumstances here make it even more so, rather than less. The Court finds no objective basis for believing that Slaughter had an opportunity to identify Defendant. Nor is there any objective basis for testing his identification. No member of the law enforcement group had previously identified Defendant as a person working with the target of the investigation. The person that Mark Slaughter eventually identified as the Defendant was wearing a baseball cap, football jersey and sunglasses. Slaughter gave no description of the individual prior to making his identification. The Magistrate Judge's description of the circumstances demonstrates that Slaughter had little or no real opportunity to see the person whom he ultimately identified as Defendant. In fact, viewing all the circumstances described, the Court can think of few situations which would present a less reliable identification. In fact, these circumstances would appear to almost guaranty an inherently unreliable identification.

The fact that little time passed after Slaughter observed the suspect and that Slaughter appeared to be certain about his identification, means very little when the circumstances are such that the observation is suspect and the process unfair. The Court has no reason to believe or method of testing Slaughter's stated certitude. It is also completely irrelevant that other evidence suggests that Defendant was riding the moped. This evidence adds nothing to whether Slaughter

could actually observe, much less identify, Defendant.

Based upon the Magistrate's findings of fact, this Court concludes that the proposed identification testimony of Mark Slaughter is inherently unreliable. It naturally follows that Mr. Slaughter cannot identify Defendant during the course of any trial testimony. To allow the use of either at trial would be unfair to Defendant and would result in an abuse of his due process rights.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to suppress the identification of Mark Slaughter is SUSTAINED.

cc:   Counsel of Record