**FILED**

Jeffrey A. Apperson, Clerk

DEC 0 9 2009

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:07 CR-71-H

UNITED STATES OF AMERICA                                              PLAINTIFF

VS

AUDREY LOUIS JOHNSON, JR.                                          DEFENDANT

## JURY INSTRUCTIONS

**Members of the Jury,** now that you have heard all the evidence and the argument of the attorneys, it is my duty to give you instructions regarding the law that you must follow in deciding this case.

It is your duty to decide whether the United States has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crimes charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy, prejudice, or bias for or against the defendant or the United States. Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth from the evidence presented and to apply that truth to the legal instructions I shall give you.

You must follow the law as I explain it to you whether you agree with the law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against the defendant is not evidence of guilt. The defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all. The United States has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the defendant not guilty.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a real doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt, therefore, is proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the United States has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

As I explained previously, you must decide what the facts are from the evidence that you saw and heard here in court. You may consider only the evidence that I have admitted in this case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding

upon you.

In considering the evidence, you may draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which reason and common sense lead you to make.

In saying that you must consider all the evidence, I do not mean that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness and the weight to be given to the testimony of each witness.

In considering the testimony of any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did he or she have any particular reason not to tell the truth? Did he or she have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did he or she appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses?

In this case, you heard testimony from a witness who was granted reduced criminal liability for testifying. You also heard testimony from an informant who received money from the government in exchange for providing information. It is permissible for the government to make such grants or payments. However, you should consider the testimony of such witnesses with more caution than the testimony of other witnesses, because the testimony may have been influenced by the government's promises.

Additionally, you have heard expert testimony. An expert witness is one who has special training or experience in a technical field. That person is allowed to express his or her opinion concerning those technical matters. Merely because an expert witness has expressed an opinion,

however, does not mean that you must accept that opinion. Just as it is with any other witness, it is up to you to decide whether to rely on an expert's testimony.

You also heard evidence of other, uncharged, acts of the defendant, other than the one in the indictment. You may consider this other evidence only as it relates to the defendant's identity, plan or intent to commit the charged crime. You may not use the evidence of the other, uncharged acts as evidence of the character of the defendant or his propensity to commit the charged crime in this case.

Finally, you heard evidence that a co-defendant in this case previously pled guilty. In our system of justice, guilt or innocence is personal and individual. As such, the plea of a co-defendant should not influence your decision about the guilt of the defendant, and you may not consider the plea of the co-defendant as evidence of guilt of the defendant in this case.

A defendant has an absolute right not to testify. A defendant need not prove anything. Therefore, the fact that a defendant did not testify or did not call any witnesses cannot be considered by you in any way during your deliberations.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Remember, witnesses are not the property of either defendant or the United States; they merely give testimony which you should consider. Concentrate on that, not the numbers.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make

sure that both sides receive a fair trial.

Also, do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.

In this case, the indictment charges one (1) offense called a "count," broken into two parts.  For that charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of each part of the charge.

## INSTRUCTION I

Count I of the indictment accuses defendant Audrey Louis Johnson, Jr., of aiding and abetting another to knowingly and intentionally possess with intent to distribute 50 grams or more of cocaine base, commonly referred to as "crack cocaine," in violation of federal law.

Though the indictment charges that the crimes happened "on or about" certain dates, the government does not have to prove that the crimes happened on those exact dates. However, the government must prove that the crimes happened reasonably close to those dates.

For you to find the defendant guilty of this crime, it is not necessary for you to find that he personally committed the crime himself. You may also find him guilty if he intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find the defendant guilty as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

(1) *First*, that the crime of possessing with the intent to distribute or distributing crack cocaine was committed;

(2) *Second*, that the defendant helped to commit the crime or encouraged someone else to commit the crime; and

(3) *Third,* that the defendant intended to help commit or encourage the crime.

In considering the first element above, you should know that the crime of "possessing with intent to distribute or distributing crack cocaine" itself has two elements:

(A) *First,* that the defendant, or someone else who he helped or encouraged, knowingly

6

and intentionally possessed crack cocaine; and

(B) *Second,* that the defendant, or someone else who he helped or encouraged, possessed the substance with the intent to distribute it.

Additionally, to "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

The law recognizes two kinds of possession: constructive possession and actual possession. The government must prove only one of these to show that the defendant had possession. "Actual possession" is where the government proves that the defendant had direct physical control over the crack cocaine, and knew that he had control of it.  For "constructive possession," the government must only prove that the defendant had the right to exercise physical control over the crack cocaine, knew he had this right and that he intended to exercise physical control over the cocaine and crack cocaine at some time, either directly or through other persons.

Some of these instructions require that you find that the defendant did certain acts with a specific state of mind, such as "intentionally." Typically, there is no way to prove a person's state of mind directly, but it can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances that may help determine what was in the defendant's mind. For instance, you may consider the amount of crack cocaine in deciding whether the defendant had the intent to distribute.

Proof that the defendant may have known about the crime without taking action, or even that he was there when it was committed, is not enough for you to find him guilty.  You can

7

consider this in deciding whether the government has proved that he was an aider and abettor, but without more, it is not enough.

What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

**If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict in the appropriate space under Instruction No. 1 on the Verdict Form, and then go to Instruction No. 2.** If you have a reasonable doubt about any of these elements, then you must find the Defendant not guilty. If you find the Defendant not guilty of this charge, do not proceed to Instruction No. 2. Instead, simply sign and date the Verdict Form and return to the Courtroom.

## INSTRUCTION II

If you do find the defendant guilty of the crime of aiding and abetting another to possess with intent to distribute crack cocaine under Instruction I, then you must also determine the amount beyond a reasonable doubt.  You shall consider the following options to the extent you find them proved beyond a reasonable doubt:

1) 50 grams or more of a mixture or substance containing a detectable amount of crack cocaine;

2) At least 5 grams but less than 50 grams of a mixture or substance containing a detectable amount of crack cocaine; or

3) Less than 5 grams of a mixture or substance containing a detectable amount of crack cocaine.

**Once you have determined the amount, indicate that amount in the appropriate space under Question No. 2 on the Verdict Form.**  Then, sign and date the Verdict Form and return to the Courtroom.

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. It is your duty as jurors to consult with one another, and to deliberate with a view toward reaching agreement, if you can do so without violence to individual judgment. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.

You must decide the case for yourself, but only after an impartial consideration of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember, you are the judges of the facts. Your only interest is to seek the truth from the evidence in the case.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

If you decide that the government has proved the defendant guilty, then it will be my job

to decide what the appropriate punishment should be. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict. Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

A Verdict Form has been prepared for your convenience. You will take this form to the jury room and, if and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the forms which set forth the verdict with respect to each count in the case. You will then return with your verdict to the courtroom.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION 3:07CR-71-H

UNITED STATES OF AMERICA                                    PLAINTIFF

V.

AUDREY LOUIS JOHNSON, JR.                                    DEFENDANT

## VERDICT FORM

### INSTRUCTION No. 1

We, the jury, find the defendant, **Audrey Louis Johnson, Jr.**:

GUILTY _____            NOT GUILTY _____

If you enter a Guilty verdict here, you must consider INSTRUCTION No. 2.

### INSTRUCTION No. 2

We, the jury, find the defendant, **Audrey Louis Johnson, Jr.**, aided and abetted another

to possess with intent to distribute the following amount of crack cocaine:

1) 50 grams or more of a mixture or substance containing a detectable amount of crack

cocaine _____

2) At least 5 grams but less than 50 grams of a mixture or substance containing a

detectable amount of crack cocaine _____

12

3) Less than 5 grams of a mixture or substance containing a detectable amount of crack

cocaine _____

_____

FOREPERSON

Date:_____