UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:07CR-71-H

UNITED STATES OF AMERICA                                              PLAINTIFF

V.

AUDREY LOUIS JOHNSON, JR.                                            DEFENDANT

**MEMORANDUM OPINION AND ORDER**

. On December 10, 2010, after a three day jury trial, the jury returned a guilty verdict on the charge against Defendant, Audrey Louis Johnson, Jr., of aiding and abetting another to possess with the intent to distribute 50 grams or more of crack cocaine. Now Defendant has moved, pursuant to Rule 29(d)(1), for a judgment of acquittal notwithstanding the jury's verdict.

Defendant argues that the only evidence against him was the testimony of Kenneth Duncan, whose testimony was essentially bought with sentencing concessions and cannot be trusted. Further, Defendant complains about admission of Duncan's testimony concerning Defendant's alleged prior drug dealings. Finally, Defendant argues that the prosecution improperly suggested that Defendant had failed to provide evidence in the form of his own testimony at trial.

The Court sees the evidence as being much more creditable on the issue of guilt than Defendant suggests. It is true that the case rested primarily upon the testimony of Kenneth Duncan, who received a reduced sentence in his own case in return for giving that testimony. However, the jury had ample opportunity to disregard Duncan's testimony and chose not to do

so. For what it is worth, Duncan's testimony seems quite reasonably believable. His testimony was quite detailed and was corroborated by a contemporaneous phone records and certain police observations. Finally, the Government introduced other evidence such as the observation of the motor scooter which also tended to corroborate Duncan's testimony.

The jury was properly advised about the use of the uncharged conduct. This evidence was relevant for limited purposes and was admitted in the normal manner for those purposes. The Court does not believe that the testimony was unfairly prejudicial. The prosecutor's limited comments during closing argument only very indirectly suggested considering Defendant's decision not to testify. The remarks did not require correction and do not require a new trial.

The Court's view is that the evidence was easily sufficient for a reasonable jury to have found Defendant's guilt beyond a reasonable doubt. Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for a directed verdict of acquittal is DENIED.

cc: Counsel of Record